# IN THE COURT OF APPEALS OF IOWA

No. 13-1649
Filed August 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MALIK DESHION EDWARDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt (plea), and George L. Stigler (sentencing), Judges.


        A juvenile challenges the imposition of a mandatory minimum sentence as cruel and unusual punishment. **CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**


        Joey T. Hoover of Hoover Law Firm, P.L.L.C., Winterset, for appellant.

        Thomas J. Miller, Attorney General, Heather Quick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Malik Edwards appeals the sentence imposed following his *Alford*[1] plea to the offenses of second-degree robbery, second-degree burglary, and first-degree theft, all class "C" felonies, pursuant to Iowa Code sections 711.3, 713.5, and 714.2(1) (2011). He was sentenced to ten years on each of the convictions, to be served concurrently with a mandatory seventy-percent minimum on the robbery conviction. On appeal he claims the court abused its discretion at sentencing by failing to consider his status as a juvenile offender and apply the principles outlined by our supreme court in *State v. Pearson,* 836 N.W.2d 88 (Iowa 2013).

In *Pearson*, our supreme court held a sentencing court must hold an individualized sentencing hearing for a juvenile offender convicted of first-degree robbery where the offender receives a minimum sentence of thirty-five years imprisonment without the possibility of parole. 836 N.W.2d at 96. The State argues *Pearson*, does not apply to this case because the sentence imposed here, while it had a mandatory minimum, was not the same lengthy sentence the supreme court found in *Pearson* violated the cruel and unusual punishment clause. The State specifically noted in its brief that the supreme court had not, at the time, held all mandatory minimums applied to juveniles were unconstitutional under the Iowa Constitution.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (providing a defendant may "consent to the imposition of a prison sentence even if he is unwilling or unable to admit to his participation in the acts constituting the crime").

Our supreme court has now decided that "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." *See State v. Lyle*, ___ N.W.2d ___, ___, 2014 WL 3537026, at *20 (Iowa 2014). The sentencing court in this case imposed the concurrent ten-year sentences and the seventy-percent mandatory minimum found in section 902.12. In imposing the sentence the court stated,

> The law apparently in this state is in flux as to what a proper sentence is and how long a juvenile, or a person who was a juvenile at the time of the commission of the offense, should serve. But the legislature has decreed the penalties and we're going to go with those penalties.[2]

Because the court imposed the mandatory minimum sentence without an individualized sentencing hearing as is now required by *Lyle*, we vacate the sentence imposed and remand the case to the district court for such a hearing. We make no comment on what that sentence should be, noting the supreme court stated in *Lyle*,

> It is important to be mindful that the holding in this case does not prohibit judges from sentencing juveniles to prison for the length of time identified by the legislature for the crime committed, nor does it prohibit the legislature from imposing a minimum time that youthful offenders must serve in prison before being eligible for

---

[2] We note at the time of the sentencing here, September 13, 2013, the legislature had enacted Iowa Code section 901.5(14) (2013). *See* 2013 Iowa Acts ch. 42, § 14. This code section provides the district court with discretion, when sentencing a defendant who was a juvenile at the time of the offense, to defer judgment and sentence or impose a suspended sentence, including suspending any mandatory minimum. Neither party nor the court addressed or applied this new code section to this case, though it was applicable at the time of sentencing. *See* Iowa Code § 4.13(2). On appeal Edwards does not argue for the application of this new statute, and because this case must be remanded due to the *Lyle* decision, we need not address this separate error.

parole. Article I, section 17 only prohibits the one-size-fits-all mandatory sentencing for juveniles.

*Id.* at \*22. At resentencing, the court is to "at least consider a sentencing option other than imprisonment" and "carefully consider all of the circumstances of [this] case to craft an appropriate sentence and give [Edwards] the individual sentencing attention [he] deserve[s] and our constitution demands." *Id.*

**CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**